```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


COY PHELPS,                          )
        Petitioner,                  )
                                     )
                                     )
        v.                           )    C.A. No. 11-10231-MLW
                                     )
                                     )
JEFFREY GRONDOLSKY, Warden,           )
        Respondent.                   )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                             April 26, 2011

On February 7, 2011, Coy Phelps, a civilly committed person confined at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the court is denying the petition.

I.  BACKGROUND

In his petition, Phelps challenges the policy at FMC Devens of prohibiting civilly committed persons and other "medically unassigned" prisoners from accessing the prison's main law and leisure libraries. Phelps claims that the policy is unconstitutional in that it impermissibly discriminatory. Phelps asks that the Court enjoin the prison warden from enforcing this policy and order the Federal Bureau of Investigation to investigate whether the policy violates federal criminal law.

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required

to reply to the petition. See 28 U.S.C. § 2243 (providing that, "if it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

II. DISCUSSION

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). A petition for a writ of habeas corpus is a vehicle by which a litigant may seek release from such custody. See Preiser v. Rodriquez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). A habeas petition is not the appropriate means by which to challenge conditions of confinement. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action].").

Here, Phelps does not seek release from present confinement; instead, he is challenging the conditions of his confinement.

Therefore, he has not set forth a valid basis for habeas relief.[1]

III. CONCLUSION

Accordingly, the petition for a writ of habeas corpus DENIED and this ACTION is DISMISSED.

                                            /s/ Mark L. Wolf
                                            UNITED STATES DISTRICT JUDGE

---

[1] This conclusion should not come as a surprise to Phelps, as the court has already explained to him that he cannot challenge the conditions of his confinement through a petition for a writ of habeas corpus. See Phelps v. Grondolsky, C.A. No. 09-11485-MLW (Docket Entry #19, Dec. 18, 2009).